Filed 8/18/25  P. v. Medina CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>EDWARD VILLELA MEDINA,<br><br>    Defendant and Appellant. | G064703<br><br>(Super. Ct. No. 00CF2364)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Courtney Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Edward Villela Medina appeals the summary denial of his petition for resentencing. (Pen. Code, § 1172.6.) His appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring she was unable to find any issues to raise on Medina's behalf. Having reviewed the record ourselves, we also detect no arguable issues. We therefore affirm the trial court's denial order.

## FACTUAL AND PROCEDURAL BACKGROUND

Medina was the wheelman in a drive-by shooting that left two rival gang members seriously injured. In 2001, a jury convicted him of two counts of attempted premeditated murder and other crimes. It also found true allegations Medina vicariously discharged a firearm and acted for the benefit of a criminal street gang. The trial court sentenced him to 41 years to life in prison for his crimes.

In 2024, Medina sought resentencing under Penal Code section 1172.6. Following a contested prima facie hearing at which Medina was represented by counsel, the trial court denied his petition because the jury found he aided and abetted the shooter with the intent to kill.

On appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed Medina of his right to file a supplemental brief, but he did not do so. In the interest of justice, we have examined the entire record for any arguable issues. (See *id.* at p. 230.)

## DISCUSSION

Penal Code section 1172.6 allows defendants who have been convicted of attempted murder to seek retroactive resentencing relief based on changes in the law that were ushered in by Senate Bill No. 1437 in 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) However, one of the

2

prerequisites for obtaining relief is that the defendant was convicted on a theory of imputed malice, such as the natural and probable consequences theory. (Pen. Code, § 1172.6, subd. (a).) Based on the record in this case, it is clear Medina's jury was not instructed on any such theory. Rather, he was convicted as a direct aider and abettor, which is still a valid theory of attempted murder. (*People v. Offley* (2020) 48 Cal.App.5th 588, 596.)

To convict Medina of attempted murder under that theory, the jury had to find: 1) he knew the shooter intended to commit attempted murder, which requires the intent to kill; 2) he intended to assist the shooter in committing that offense, and 3) he did in fact assist the shooter in carrying out that offense. In other words, the jury had to find Medina intended to commit murder and aided another person who attempted to do so. Because the jury convicted Media based on his *own* malice and his *own* actions, he is ineligible for resentencing as a matter of law. (*People v. Curiel* (2023) 15 Cal.5th 433, 447.) Therefore, the trial court properly denied his petition. (*Id.* at p. 470 [the summary denial of a resentencing petition is justified if the record of conviction conclusively negates the defendant's right to relief].)

## DISPOSITION

The postjudgment order denying Medina's petition for resentencing is affirmed.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.